U.S. DISTRICT COURT (Rev. 2/2003) Offender Amended Judgment in a Criminal Case with Supervised Release Judgment Page 1 of 6

Case 8:05-cr-00246-DKC   Document 10   Filed 12/06/05   Page 1 of 9

# United States District Court
## District of Maryland

UNITED STATES OF AMERICA

v.

THOMAS ANTHONY SWEATT

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)
Case Number: DKC 05-0230, 05-0246, 05-0258
USM Number: 38792-037
Defendant's Attorney: John Chamble
Assistant U.S. Attorney: Mythili Raman
Date of Original Judgment: September 12, 2005
(*or date of last amended judgment*)

```
_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED

          DEC 0 6 2005

              AT GREENBELT
        CLERK U.S. DISTRICT COURT
         DISTRICT OF MARYLAND
BY _____  DEPUTY
```

**Reason for Amendment:**
☒ Direct Motion to District Court Pursuant to:
  ☐ 28 U.S.C. § 2255;
  ☐ 18 U.S.C. § 3559(c)(7); or
  ☒ Modification of Restitution Order
☐

**THE DEFENDANT:**
☒ pleaded guilty to count(s) 1-6 in 230, 1-7 in 246, and 1-2 in 258       .
☐ pleaded nolo contendere to count(s) _____, which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| see attached | | | |

The defendant is adjudged guilty of the offense(s) listed above and sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 as modified by U.S. v. Booker, 125 S. Ct. 738 (2005).

☐ The defendant has been found not guilty on count(s) _____.
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

December 6, 2005
Date of Imposition of Judgment

*Deborah K. Chasanow*   12/6/05
Deborah K. Chasanow                    Date
United States District Judge

## DKC 05-0230

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 844(i) | arson | 2/14/2004 | 1 |
| 26 U.S.C. §5861(d) and 5871 | possession of destructive device | 2/14/2004 | 2 |
| 18 U.S.C. § 924(c) | possession of destructive device in furtherance of a crime of violence | 2/14/2004 | 3 |
| 26 U.S.C. § 5861(d) and 5871 | possession of destructive device | 4/16/2004 | 4 |
| 18 U.S.C. §844(i) | arson | 12/7/2004 | 5 |
| 26 U.S.C. § 5861(d) and 5871 | possession of destructive device | 12/7/2004 | 6 |

## DKC 05-0246

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 844(i) | arson | 10/8/2003 | 1 |
| 18 U.S.C. §924(c) | use and carry destructive device during and in relation to a crime of violence | 10/8/2003 | 2 |
| 26 U.S.C. § 5861(d) | possession of destructive device | 10/8/2003 | 3 |
| 26 U.S.C. § 5861(d) | possession of destructive device | 9/14/2003 | 4 |
| 26 U.S.C. § 5861(d) | possession of destructive device | 9/20/2004 | 5 |
| 22 D.C. Code § 2101, 4502 | first degree murder while armed | 6/5/2003 | 6 |
| 22 D.C. Code § 2103, 4502 | second degree murder while armed | 2/5/2002 | 7 |

## DKC 05-0258

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 844(i) | arson | 11/16/2003 | 1 |
| 18 U.S.C. § 844(i) | arson | 2/6/2004 | 2 |

U.S. DISTRICT COURT (Rev. 4/2004) Sheet 2 - Amended Judgment in a Criminal Case with Supervised Release        Judgment Page 2 of 6

**DEFENDANT:**   THOMAS ANTHONY SWEATT                     **CASE NUMBER: DKC 05-0230, 05-0246, 05-0258**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  _life, consecutive to a term of 1630 months as set forth on attached sheet_.

[X] The court makes the following recommendations to the Bureau of Prisons:   that Mr. Sweatt be evaluated for mental health issues and, if consistent with his security level, be incarcerated at the Federal Medical Facility, at Butner, North Carolina.  He has family living in that area.

[X] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

   [ ] at _____ a.m./p.m. on _____.
   [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender, at his/her own expense, to the institution designated by the Bureau of Prisons at the date and time specified in a written notice to be sent to the defendant by the United States Marshal. If the defendant does not receive such a written notice, defendant shall surrender to the United States Marshal:

   [ ] before 2 p.m. on _____.
   [ ] _____

**A defendant who fails to report either to the designated institution or to the United States Marshal as directed shall be subject to the penalties of Title 18 U.S.C. §3146. If convicted of an offense while on release, the defendant shall be subject to the penalties set forth in 18 U.S.C. §3147. For violation of a condition of release, the defendant shall be subject to the sanctions set forth in Title 18 U.S.C. §3148. Any bond or property posted may be forfeited and judgment entered against the defendant and the surety in the full amount of the bond.**

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____
DEPUTY U.S. MARSHAL

**DKC 05-0239**

| Title & Section | Nature of Offense | | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 844(i) | arson | 262 months* | 1 |
| 26 U.S.C. §5861(d) and 5871 | possession of destructive device | 120 months* | 2 |
| 18 U.S.C. § 924(c) | possession of destructive device in furtherance of a crime of violence | 30 years (360 months) consecutive to other sentences | 3 |
| 26 U.S.C. § 5861(d) and 5871 | possession of destructive device | 120 months* | 4 |
| 18 U.S.C. §844(i) | arson | 240 months* | 5 |
| 26 U.S.C. § 5861(d) and 5871 | possession of destructive device | 120 months* | 6 |

**DKC 05-0246**

| Title & Section | Nature of Offense | | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 844(i) | arson | 240 months* | 1 |
| 18 U.S.C. §924(c) | use and carry destructive device during and in relation to a crime of violence | life in prison, consecutive to all other sentences | 2 |
| 26 U.S.C. § 5861(d) | possession of destructive device | 120 months* | 3 |
| 26 U.S.C. § 5861(d) | possession of destructive device | 120 months* | 4 |
| 26 U.S.C. § 5861(d) | possession of destructive device | 120 months* | 5 |
| 22 D.C. Code § 2101, 4502 | first degree murder while armed | 60 years (720 months) consecutive to other sentences | 6 |
| 22 D.C. Code § 2103, 4502 | second degree murder while armed | 288 months consecutive to other sentences | 7 |

**DKC 05-0258**

| Title & Section | Nature of Offense | | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 844(i) | arson | 240 months* | 1 |
| 18 U.S.C. § 844(i) | arson | 262 months* | 2 |

* The sentences for these 11 counts are to be served concurrently. The other sentences are to be served consecutive to these 11 counts, and independent of each other:

Thus, the longest initial sentence is 262 months, followed by the 30 year sentence on count 3 of 0230, then the 60 year sentence on count 6 of 0246, then the 288 month sentence on count 7 of 0246, and finally the life sentence, on count 2 of 0246.

Case 8:05-cr-00246-DKC   Document 10   Filed 12/06/05   Page 5 of 9

U.S. DISTRICT COURT (Rev. 2/2005) Sheet 3 - Amended Judgment in a Criminal Case with Supervised Release          Judgment Page 3 of 6

DEFENDANT:       THOMAS ANTHONY SWEATT                       CASE NUMBER: DKC 05-0230, 05-0246, 05-0258

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  <u>5 years concurrent on counts 1 and 3 of 0230, counts 2, 6, and 7 of 0246, and count 2 of 0258 and 3 years concurrent on all remaining counts</u>   .

**The defendant shall comply with all of the following conditions:**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

### A.   STATUTORY CONDITIONS OF SUPERVISED RELEASE

1) The defendant shall not commit any federal, state or local crime.
2) In any felony case, the defendant shall not possess a firearm or ammunition as defined in 18 U.S.C. §921.
3) The defendant shall not illegally use or possess a controlled substance.
4) The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.
   ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
5) Pursuant to Pub. Law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, if applicable, the defendant shall cooperate in the collection of DNA while incarcerated in the Bureau of Prisons, or as directed by the probation officer.
5) If this judgment imposes any criminal monetary penalty, including special assessment, fine, or restitution, it shall be a condition of supervised release that the defendant pay any such monetary penalty that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment. The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

### B.   STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any persons convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall notify the probation officer within 72 hours of being charged with any offense, including a traffic offense;
13) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;
14) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendants's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 8:05-cr-00246-DKC   Document 10   Filed 12/06/05   Page 6 of 9

U.S. DISTRICT COURT (Rev. 4/2004) Sheet 3.01 - Amended Judgment in a Criminal Case with Supervised Release | Judgment Page 4 of 6

**DEFENDANT:**     THOMAS ANTHONY SWEATT         **CASE NUMBER: DKC 05-0230, 05-0246, 05-0258**

# C. SUPERVISED RELEASE
# ADDITIONAL CONDITIONS

### 1. MENTAL HEALTH
☒ The defendant shall satisfactorily participate in a mental health treatment program approved by the probation officer, which may include evaluation, counseling, and testing as deemed necessary by the probation officer.

Case 8:05-cr-00246-DKC   Document 10   Filed 12/06/05   Page 7 of 9

U.S. DISTRICT COURT (Rev. 4/2004) Sheet 5 Part A - Amended Judgment in a Criminal Case with Supervised Release                              Judgment Page 5 of 6

DEFENDANT:           THOMAS ANTHONY SWEATT                    CASE NUMBER: DKC 05-0230, 05-0246, 05-0258

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|              | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:**  | $ 1500         | $ 0      | $ 299,841.74    |

☐ If applicable, restitution amount ordered pursuant to plea agreement. . . . . . . . . . . . .  $

## FINE

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the 15th day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☒ The court has determined that the defendant does not have the ability to pay a fine; therefore, a fine is waived.

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ The interest requirement is waived.

   ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

☒ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| **Name of Payee**   | **Amount of Restitution Ordered** | **Priority Order or Percentage Payment** |
|---|---|---|
| See attached sheet  |                                   |                                          |

Page 5A

| Name of Payee | Amount of Restitution Ordered |
|---|---|
| Annie Brown | $3,554.98 |
| Eric Brown | $7,100.00 |
| Florence & Doward Cooper | $8,500.00 |
| Diane Davis | $5,500.00 |
| Lou Edna Jones | $260,583.88 |
| Claudia McClenndon | $8,160.00 |
| Ida McCoy Collins | $3,468.38 |
| Helena Loray Richards | $1,925.00 |
| Susan Smith | $570.00 |
| LaVerne Smith | $10.50 |
| LaQuanda Wilson | $469.00 |
|  | $299,841.74 |

Case 8:05-cr-00246-DKC   Document 10   Filed 12/06/05   Page 9 of 9

U.S. DISTRICT COURT (Rev. 4/2004) Sheet 5, Part B - Amended Judgment in a Criminal Case with Supervised Release                    Judgment Page 6 of 6

DEFENDANT:     THOMAS ANTHONY SWEATT     CASE NUMBER: DKC 05-0230, 05-0246, 05-0258

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; and (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☐ In full immediately; or

B ☒ $ __4840__ immediately, balance due (in accordance with C, D, or E); or

C ☐ Not later than _____; or

D ☐ Installments to commence _____ day(s) after the date of this judgment.

E ☒ In __Monthly__ (*e.g. equal weekly, monthly, quarterly*) installments of $__To be determined__ over a period of __5__ year(s) to commence when the defendant is placed on supervised release.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Unless the court expressly orders otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties except those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the Clerk of the Court.

If the entire amount of criminal monetary penalties is not paid prior to the commencement of supervision, the balance shall be paid:

☐ in equal monthly installments during the term of supervision; or

☐ on a nominal payment schedule of $_____ per month during the term of supervision.

The U.S. probation officer may recommend a modification of the payment schedule depending on the defendant's financial circumstances.

Special instructions regarding the payment of criminal monetary penalties:

☐ Joint and Several with:

☐ The defendant shall pay the following costs of prosecution and/or court costs:

☐ The defendant shall forfeit the defendant's interest in the following property to the United States: